Minshall, J.
The ground on which objection is made to the relief granted the defendant in error is, that the paper on which she founds her claim is in the nature of a testamentary disposition, and void for want of - conformity to the statute of wills. It is true that the party who signed it merely covenants that if her sister should stay with her as long as she requires, she would “give and bequeath” to her all the real and personal property of which she should die seized. But it is of the essence of a will that its dispositions should be in the nature of gifts. Schouler on Wills §451. When it is made to carry out or perform some obligation, made and entered into by the testator, it is not essentially a will, but in the nature of a contract, and its validity as an instru.ment will not in such case depend upon its conformity to the requirements of a will, but to those things which the law deems essential to the making of a valid contract. A promise to make a will in favor of a party, supported by a sufficient consideration and in due form of law, is a valid contract, and, if not made, may be specifically enforced against the heirs of the promisor. There seems to be little difference in the cases on this point. It is said by the author just cited, in his work on Wills, §454, “The principle, which in the present day appears to be asserted, is, that where one contracts upon a valuable consideration to execute a will after a certain tenor, the agreement is binding upon his death, and may be specifically enforced against his representatives and his estate.” Parsons, in his work on Contracts, 3 vol. 406, says “It is obvious that an agreement to make a certain disposition of property by last will, is one which, strictly speaking, is net capable of a specific execution,—not in the party’s life-time, because any testamentary instrument is by its nature revocable; and after his death it is no longer possible to make his last will. Yet it has been held to be within the jurisdiction of equity to do what is equivalent to a specific performance of such an agreement, by requiring those upon whom the legal title has descended to convey the property in accordance with its terms.” See, also, Waterman on Specific Performance, §41. Johnson v. Hubbell, 10 N. J. Eq. 332; Brinkersr. Brinker, 7 Barr, 53; *166 Bolman v. Overall, 80 Ala. 451; Sutton v. Hayden, 62 Mo. 101; Parsell v. Stryker, 41 N. Y. 480. It is said by the author of a note to Johnson v. Hubbell, 66 Am. Dec. 784, that, “It is not only in harmony with sound principle that a person may make a valid agreement binding himself to dispose of his property, in a particular way, by last will and testament, but it is supported by an almost unbroken current of authorities, both English and American.”
As a contract affecting real estate, the agreement of Miss Powell, being signed by her, the party to be charged, conformed to the statute of frauds; and having been accepted and fully performed by her sister, the legal title descended to the heirs of Miss Powell in trust for her sister, and she is entitled to have it conveyed to her in performance of the contract made by the deceased.
The caséis not like that of Phipps v. Hope, 16 Ohio St. 586. In that case the indorsments on the envelope containing the mortgage directed to be given Phipps, was held not good ás a testamentary gift, because not executed in conformity to the statute of wills, nor as. a gift inter vivos or causa mortis, because there was no delivery. But it was not held, that the promise of Joseph Hope, that if the plaintiff “would work for him, and take an interest in his affairs, as if they were his own, he would finally make or leave him well off, and would do more for him than he would for any one else,»’ was invalid and not capable of being enforced against his-estate. The ground of the decision is, that no breach of the contract is alleged. The court says, “For aught that appears in the petition, the intestate may have left the plaintiff well off, and may have done better for him than he did for any one else.” If a breach had been alleged, there is no question but that, from the. reasoning of the court, the demurrer to the petition would have been directed to be overruled.
It is suggested that the proper remedy would have been an action for the value of the services. No reason can be given for this that would not apply to any contract for a conveyance of land. Besides the authorities are uniform in saying that specific performance is the proper remedy. The *167 consideration that moved Miss Powell to make the promise was a desire for the society of her sister. The value of the society of one sister to another is incapable of measurement in money. Rhodes v. Rhodes, 3 Sandf. Chan. 279. Hence the only appropriate remedy is the one that has been awarded.

Judgment affirmed.